**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **Case Nos. 20-CR-240 (TJK)** |
| | **22-CR-163 (TJK)** |
| **SHAHID RANDOLPH,** | |
| **Defendant.** | |

## GOVERNMENT'S NOTICE OF SUPPLEMENTAL AUTHORITY

The United States of America, by and through its undersigned counsel, respectfully files this Notice of Supplemental Authority to inform the Court of Judge Friedrich's recent decision in *United States v. Antonio Malachi Bryant*, case number 20-CR-262 (DLF) (D.D.C. Mar. 31, 2023) (ECF No. 79), attached as **Exhibit 1**.[1]  Judge Friedrich's decision is relevant to the government's argument that the defendant's Motion to Withdraw Guilty Plea is foreclosed by *United States v. Ruiz*, 536 U.S. 622 (2002).

In 2021, Bryant was convicted of Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1), and he timely appealed.  In 2022, while the appeal was still pending, the government made disclosures about the investigations into certain members of the Metropolitan Police Department's Seventh District Crime Suppression Team—the same disclosures on which the defendant's Motion to Withdraw Guilty Plea in these cases is predicated. The disclosures do not identify or allege any misconduct that occurred in Bryant's case—just as they do not identify or allege any misconduct that occurred in these two cases.  Nevertheless,

---

[1] The Order is captioned as a "Sealed Order" as it was initially field under seal.  Because the Order does not contain any nonpublic information, the parties agreed that it could be unsealed, and Judge Friedrich unsealed it by Minute Order dated May 3, 2023.

Bryant moved for a new trial.  He argued, *inter alia*, that the disclosures could have served to impeach a government witness at trial.

Because *Bryant* is on appeal, the District Court currently lacks jurisdiction to grant a motion for a new trial.  But Judge Friedrich declined to issue an indicative ruling under Rule 37. Judge Friedrich instead deferred ruling on the motion.  In so doing, Judge Friedrich cast doubt on the merits of Bryant's argument that the government's disclosure of potential impeachment information in 2022 invalidated his earlier decision to waive jury trial and stipulate to the facts:

> Bryant also argues that the evidence would have served to impeach a government witness at trial.  Mot. for New Trial at 37–41.  But neither a jury nor the Court relied on witness testimony at a trial; rather, Bryant waived jury trial and stipulated that the government could produce certain evidence, that this evidence would prove certain facts beyond a reasonable doubt, and that those facts required a finding of guilty.  *See* Statement of Facts for Stipulated Trial at 2, Dkt. 38 (stipulating to the evidence that "the government would have elicited" at trial, including that police recovered a firearm on Bryant's person); *id.* at 3 (further stipulating that "[i]f the Court finds the existence of these facts beyond a reasonable doubt, the defendant stipulates that this evidence would establish each and every element of the charged offense"); Stipulated Trial Tr. at 20, Dkt. 59 ("THE COURT: And Mr. Bryant, you agree that the government could prove the facts contained in the stipulated facts beyond a reasonable doubt? THE DEFENDANT: "Yes, ma'am.").  Even assuming that Bryant "would not have agreed" to these stipulations had the alleged impeachment material been disclosed, Mot. for New Trial at 38, it is not at all obvious that such nondisclosure would make the waiver and stipulated trial agreement involuntary or void.  *See United States v. Ruiz*, 536 U.S. 622 (2002) (nondisclosure of impeachment material does not affect voluntariness of guilty plea and its accompanying waiver of jury trial rights, including those under *Brady*).

**Exhibit 1** at 5–6.

The same reasoning applies here.  As the government argued in its Opposition, the defendant agreed that there would be no trial.  He voluntarily waived the right to cross-examine the government's witnesses.  And he admitted under oath that he possessed firearms on two separate occasions.  The government's subsequent disclosure of potential impeachment information about possible trial witnesses does not undermine the validity of the defendant's guilty

plea or entitle him to rescind it.  As Judge Friedrich recognized, under the Supreme Court's

decision in *Ruiz*, the nondisclosure of impeachment information does not affect the voluntariness

of a defendant's guilty plea or his waiver of jury trial rights.  Judge Friedrich's decision in *Bryant*

accordingly provides additional authority in support of the government's Opposition to the

defendant's Motion to Withdraw Guilty Plea.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

Dated: May 12, 2023            By:        */s/ Paul V. Courtney*
                                          Paul V. Courtney
                                          D.C. Bar No. 1034252 / N.Y. Bar No. 5392337
                                          Assistant United States Attorney
                                          United States Attorney's Office
                                          for the District of Columbia
                                          601 D Street NW
                                          Washington, D.C. 20530
                                          (202) 252-1719
                                          paul.courtney@usdoj.gov

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that I caused a copy of this pleading to be served upon all parties listed on ECF on May 12, 2023.

/s/ *Paul V. Courtney*
Paul V. Courtney
Assistant United States Attorney