IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

- - - - - - - - - - - - - - - -x
THE UNITED STATES OF AMERICA,

        Plaintiff,

vs.

SHAHID RANDOLPH,

        Defendant(s).
- - - - - - - - - - - - - - - -x

Criminal Action No.
19-CR-00209-TSC-1
20-CR-00240-TJK
May 5, 2022
4:01 p.m.

_____

TRANSCRIPT OF ARREST WARRANT/SUPERVISED RELEASE VIOLATION
HELD VIRTUALLY BEFORE THE HONORABLE ROBIN M. MERIWEATHER
UNITED STATES MAGISTRATE JUDGE
_____

APPEARANCES:

For the United States:   DOJ-USAO
                           Madhu Chugh, AUSA
                           555 4th Street NW
                           Washington, D.C. 20001
                           202.252.6718

For the Defendant:     The Orenberg Law Firm, P.C.
                           Allen Howard Orenberg, Esq.
                           12505 Park Potomac Avenue, 6th Floor
                           Potomac, Maryland 20854
                           301.984.8008

Kathleen Silva, RPR, CRR
E-mail: kathysilva@verizon.net

Digitally recorded and stenographically transcribed

P R O C E E D I N G S

        THE CLERK: Good afternoon, Your Honor. This is Criminal Case Number 19-209 and Criminal Case Number 20-240, the United States of America v. Shahid Randolph. These matters are set today for a return on arrest warrant, a supervised release violation and pretrial violation.

        Parties please introduce yourself for the record starting with the government.

        MS. CHUGH: Good afternoon, Your Honor. Madhu Chugh for the United States appearing remotely via Zoom.

        MR. ORENBERG: Good afternoon, Your Honor. Allen Orenberg on behalf of Mr. Randolph in case number 20-240TJK.

        Also, the other case, 19-209, I understand right now it's Mr. Abbenante's case, but I have been contacted by the Public Defender's office, who has asked me to take over for Mr. Abbenante. So I believe that is in process right now.

        Also, Mr. Randolph and I consent to appearing virtually today.

        THE COURT: Thank you.

        PROBATION: Good afternoon, Your Honor. Tanya Boone with the Probation Office.

        THE COURT: Good afternoon, Ms. Boone.

        PRETRIAL SERVICES: Good afternoon, Your Honor. Da'Shanta' Valentine-Lewis, Pretrial Services Agency.

1     THE COURT: Thank you. Good afternoon everyone.
2         Mr. Randolph is before the Court today on the
3  return on two pending warrants. The first will -- well, one
4  is an alleged violation of supervised release and the second
5  is a failure to appear on a pretrial release violation.
6         I'll begin with the pretrial violation in Case
7  Number 20CR240. In case number 20CR240, the presiding judge
8  received notice from pretrial services of alleged violations
9  of noncompliance, including non-compliance with the weekly
10 reporting and home restriction release condition, with a
11 recommendation of removal from the pretrial services High
12 Intensity Supervision Program, and the Court granted the
13 petition for a warrant, which was granted at the end of
14 December 2021. That warrant has been executed and
15 Mr. Randolph is before the Court in light of that.
16        In addition, in case number 19CR209, which is in
17 the supervised release stage, the presiding judge received
18 notice of alleged violations and there was a return on a
19 warrant in connection with some of those violations
20 approximately one year ago and then there are alleged
21 additional violations of the conditions pending resolution
22 of the hearing on violations.
23        After that time, Mr. Randolph allegedly removed --
24 cut off the strap to his location monitoring bracelet in
25 December of 2021, which would be a violation of the

1  requirement that he be subject to GPS monitoring.  And then
2  he also allegedly, on numerous occasions between August and
3  December 2021, failed to comply with location monitoring in
4  violation of the conditions.  So then that led to a
5  supervised release warrant which was issued December 30,
6  2021.
7      Ultimately, the presiding district judges in these
8  cases will decide whether there were any violations of
9  either supervised release or pretrial release and then what
10 the consequences for those violations will be.  So the
11 purpose of today's hearing is really to give Mr. Randolph
12 notice of the reasons that he was arrested and also to
13 advise him of his rights in connection with these
14 proceedings.
15      Mr. Randolph does have the right to be represented
16 by counsel in all of the supervised release and pretrial
17 release violation hearings.  Mr. Orenberg is already counsel
18 in one of those cases and has indicated that he will be
19 taking over as counsel, or has been asked to take over as
20 counsel in another case due to the unavailability of the
21 defense counsel in the other matter.
22      In addition, Mr. Randolph will have an opportunity
23 in the supervised release violation hearings, he will have
24 an opportunity if he would like to make any statements to
25 the court for consideration.  There's also the right to have

1    evidence presented of whether there were, in fact,
2    violations.  The violations can be contested and then the
3    presiding judge will decide whether they occurred and what
4    the consequences of that should be if they did occur.
5             Mr. Randolph also still maintains his right to
6    remain silent.  He may make a statement if he wants to in a
7    supervised release context but he's not required to make any
8    statements and any statements he does make can be used
9    against him in this case or in a future case.
10            Let me just, and then I'll just note for the
11   record that Mr. Randolph has agreed to proceed by video
12   today as stated by counsel, Mr. Orenberg, at the beginning
13   of this afternoon's hearings.
14            Mr. Randolph, I just have a couple of questions
15   regarding your competency today.  Do you have any health
16   problems today that would make it hard for you to understand
17   what I said or will say in today's hearing?
18            THE DEFENDANT:  No.
19            THE COURT:  In the last 24 hours have you taken
20   any medicine or other substance that would make it hard for
21   you to understand today's hearing?
22            THE DEFENDANT:  No.
23            THE COURT:  Okay.  Thank you.
24            Ms. Love, do we have a next court date in either
25   of the two cases?

```
1           THE CLERK:  Your Honor, in front of Judge Kelly
2   the matter ending in 240, the next hearing is May 10 at
3   10:00 a.m.  And then for the case number ending in 209, the
4   parties will need to contact Judge Chutkan's courtroom
5   deputy for the next date.
6           THE COURT:  Thank you.
7           In Case Number 209 is probation or the government
8   requesting detention pending that next court date before
9   Judge Chutkan?
10          MS. CHUGH:  Yes, Your Honor.  And I'm happy to
11  provide reasons to create a record, but I'll wait to hear
12  from Your Honor if you'd like me to provide any arguments on
13  detention.
14          THE COURT:  If you could just make a brief record,
15  that would be helpful.  Thank you.
16          MS. CHUGH:  Yes, Your Honor.  Mr. Randolph has
17  shown that there are no conditions of release that would
18  ensure that he would return to court.  This is at least the
19  third opportunity that he was given, frankly out of the
20  court's and government's compassion, and that he just
21  willfully disregarded.
22          He pled guilty in November 2019 and was sentenced
23  in March 2020 by Judge Chutkan to 22 months incarceration.
24  In May 2020, Judge Chutkan did resentence him to time-served
25  on a compassionate release motion.  Less than five months
```

1  later, he was rearrested and indicted on the instant case or
2  the case in front of Judge Kelly. Judge Kelly did detain
3  him, but then the government consented to Mr. Randolph's
4  release at the end of July, which the Court granted so the
5  defendant could receive medical treatment for a brain tumor.
6      Despite numerous warnings from Pretrial Services
7  between August and December and Judge Kelly very strongly
8  warning and encouraging Mr. Randolph to get into compliance
9  as soon as possible, Mr. Randolph did the opposite.
10      He proceeded on December 28, 2021, to cut off both
11  of his ankle monitors, as Your Honor stated, and abscond and
12  he has been a loss of contact since December 28, 2021. And
13  I also confirmed with his medical professionals that he had
14  stopped showing up for his medical treatments for which he
15  had been temporarily released by Judge Kelly.
16      Your Honor, this history shows that there are no
17  conditions that would guarantee the defendant's return to
18  court. And frankly now, given that he has been convicted of
19  an unarmed carjacking 922(g)(1), has one pending 922(g)(1)
20  case in front of Judge Kelly and was rearrested earlier this
21  week in another felon in possession case that is currently
22  pending in Superior Court, we could ask Your Honor to hold
23  Mr. Randolph.
24      THE COURT: Thank you.
25      And then in Case Number 240, do the same arguments

```
1    apply?
2            MS. CHUGH:  Yes, Your Honor.
3            THE COURT:  Ms. Boone, in case 209 does Probation
4    also recommend detention pending resolution of the violation
5    hearing?
6            PROBATION:  Yes, Your Honor.
7            THE COURT:  Thank you.  Mr. Orenberg, do you have
8    any arguments to present?
9            MR. MARTIN:  No, Your Honor, not at this time.
10           THE COURT:  Thank you.
11           Given the information in the record, as well as
12   the arguments from the government and the recommendation of
13   probation, I conclude that Mr. Randolph presents a serious
14   risk of flight and in light of that should be detained
15   pending his next hearings before Judges Chutkan and Kelly.
16            So I will order that he be detained and
17   ultimately those judges will then decide once he appears
18   before then whether he should be continued to be held or
19   whether he should be released pending the resolution of the
20   matters before them.
21           Before the remand of Mr. Randolph into custody,
22   were there any other issues that the government wanted to
23   present in connection with either of these two matters?
24           MS. CHUGH:  Your Honor, in 20CR240, we would just
25   ask Mr. Orenberg if he consents to having time tolled under
```

```
 1  the Speedy Trial Act.
 2          MR. ORENBERG:  Yes, Your Honor.  We will consent
 3  to tolling the time between today and the next court
 4  hearing, which is scheduled for May 10, 2022.
 5          THE COURT:  Thank you.
 6          Ms. Chugh, just since I have to make an ends of
 7  justice finding, is there something that this tolling would
 8  accomplish?
 9          MS. CHUGH:  Yes.  Your Honor, now that
10  Mr. Randolph has not just one pending case, but a second new
11  pending case, we will start using that time to confer -- and
12  by "we" I mean myself and Mr. Orenberg, regarding
13  Mr. Randolph's matters in hopes of an ultimate disposition.
14          THE COURT:  Thank you.  I will grant the request
15  to exclude time between today and May 10 in case number
16  20CR240 through any calculation under the Speedy Trial.  I
17  find this exclusion of time best serves the ends of justice
18  and outweighs the interest of the defendant and the public
19  and speedy trial for the reasons stated by Ms. Chugh on the
20  record.
21          Did the defense -- Mr. Orenberg, did you have
22  anything you wanted to present?
23          MR. ORENBERG:  Yes, Your Honor.  I'm just
24  inquiring.  The hearing before Judge Kelly on May 10 at
25  10:00 a.m., is that a virtual hearing or in-person hearing?
```

```
1                    THE CLERK:  That is virtual.
2                    MR. ORENBERG:  Thank you.
3                    THE COURT:  Thank you.  Anything else,
4      Mr. Orenberg?
5                    MR. MARTIN:  No, Your Honor.  Not at this time.
6      Thank you very much.
7                    THE COURT:  Okay.  Thank you.
8                    Ms. Boone, anything from probation?
9                    PROBATION:  No, Your Honor.
10                   THE COURT:  Okay.  Thank you.  And then
11     Ms. Valentine-Lewis, does Pretrial wish to be heard on
12     anything on Case Number 240?
13                   PRETRIAL SERVICES:  No, not at this time, Your
14     Honor.  Thank you.
15                   THE COURT:  Okay.  Thank you.
16                   That concludes this matter.  Mr. Randolph is
17     remanded into the custody of the marshals to be held pending
18     his next hearing before presiding district judges in both
19     cases.
20                   Counsel and pretrial, you may be excused.  Thank
21     you.
22                   MS. CHUGH:  Thank you, Your Honor.
23                   MR. ORENBERG:  Thank you, Your Honor.
24                   (Adjourned 4:18 p.m.)
25
```

11

CERTIFICATE OF TRANSCRIBER

I, KATHLEEN SILVA, RPR, CRR, do hereby certify that the above and foregoing constitutes a true and accurate transcript transcribed from the audio recording and is a full, true and complete transcript of the proceedings to the best of my ability.

Dated this 8th day of February, 2024.


/s/Kathleen Silva, RPR, CRR
Kathleen Silva, RPR, CRR